Amy J. Wallace, State Bar of AZ #9581
**GILLESPIE, SHIELDS & DURRANT**
7319 North 16th Street, Suite 100
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax:  (602) 870-9783
E-mail: awallace@gillaw.com
Send Court Documents to: mailroom@gillaw.com
*Attorneys for Plaintiff Tony Casanova*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **TONY CASANOVA**, | **Case # CV** |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **YUMA TRANSIT**, **LLC,** an Arizona Corporation and **FIRST TRANSIT INC.**, a Delaware Corporation, | |
| Defendants. | |

Plaintiff Tony Casanova ("Casanova") alleges the following facts and claims against the Defendants, and demands a trial by jury pursuant to Federal Rules of Civil Procedure, Rules 3, 7(a)1, 8(a) and 38(a, b).

## TWO CLAIMS PRESENTED

**Count One**: Retaliation (Unlawful Termination) in Violation of the Americans with Disabilities Act in violation of 42 U.S.C. 12203 (a)

1

**Count Two**: Retaliation (Unlawful Termination) for Having Reported Workplace Sexual Harassment in violation of 42 U.S.C. 2000e-3(a)

### FACT ALLEGATIONS AND JURISDICTION

1. Casanova was at all times material to this Complaint, an adult male resident of Yuma, Arizona.

2. Defendant Yuma Transit LLC ("Yuma Transit") is, and has been at all times material to this Complaint a domestic LLC incorporated in, and with its principal place of business located in Maricopa County, Arizona.

3. Defendant First Transit, Inc ("First Transit") is, and has been at all times material to this Complaint a foreign corporation domiciled in Delaware with its Statutory Agent in Maricopa County, Arizona.

4. Yuma Transit and First Transit, paragraphs two and three supra, are were, at various times material to this Complaint, the employer of Casanova as that term is defined in 42 U.S.C. 12111(5)(A) and at all times as that term is defined in 42 U.S.C. 2000e(b).

5. At all times material to this Complaint, Casanova was an "employee" of Yuma Transit and First Transit as that term is defined in 42 U.S.C. 12111(4) and as that term is defined in 42 U.S.C. 2000e(f).

6. All claims in this Complaint arise from and are based upon federal law, the Americans with Disabilities Act, Subchapter 1 (Employment), 42 U.S.C. 12111 et seq. and 42 U.S.C. 2000e. Therefore this Court has jurisdiction over both claims, pursuant to 42 U.S.C. 12117(a), 42 U.S.C. 2000e-5(f) 3 and 28 U.S.C. 1331.

7. Casanova was hired by Yuma Transit President Willie Gray ("Gray") on October 1, 2007 as a supervisor based on the recommendation of a mutual friend of Casanova and Gray.

8. Prior to beginning employment, Casanova advised Gray that he had a cataract in his right eye and glaucoma in both eyes and that he could not drive a bus route, especially at night.

9.   Despite being advised of these physical conditions, Gray required that Casanova drive a bus route when a bus driver was absent.  Gray also made fun of Casanova by offering to get him a "Seeing Eye Dog" and told Casanova if he couldn't do the job, just to get the "f**k out".  On several occasions, Gray unbuttoned his shirt and told Casanova to "stop whining" and here's a "t**ty to suck on".

10.   On or about January 24, 2008, Casanova filed his first Charge of Discrimination, Charge # 540-2008-01345 based on his disability.  At all times, Casanova had performed his work duties in a very competent, dependable, loyal and satisfactory manner.

11.   On or about February 8, 2008, in direct retaliation for filing Charge # 540-2008-01345, Casanova's hours were reduced.

12.   Shortly after, on or about March 7, 2008, Yuma Transit further retaliated against Casanova by (A) demanding return of his keys and (B) removing his security access.

13.   On March 14, 2008, Casanova attempted to return to work after a medical leave of absence but was advised by Gray that he "had no work" for Casanova.

14.   On March 18, 2008, Casanova was again told that there was "no work" for him and that Gray's orders were for Casanova to sit in the front office, not touch anything, not do anything and not speak to anyone until further notice.

15.   On March 22, 2008, Casanova was called into a meeting with Gray and Gray's attorney and harassed about his physical condition related to his medical leave of absence.

16.   Due to the extreme harassment, Casanova felt he had no choice but to end his employment with Yuma Transit.  It was clear the harassment was due to the filing of Charge # 540-2008-01345 and due to his witnessing of sexual harassment by Gray against another female employee, of which he apprised Gray.

17.   On March 24, 2008 and April 2, 2008, Casanova contacted Yuma Metropolitan Planning Organization ("YMPO") and advised YMPO that he was a witness to a sexual harassment charge brought against Gray.

18. On April 8, 2008, attorneys for Yuma Transit wrote Casanova a "Cease & Desist Demand" letter advising Casanova that he was interfering with contractual relations between Yuma Transit and YMPO and failure to cease and desist would result a possible Superior Court action against Casanova for defamation.

19. As the direct and proximate result of Yuma Transit's conduct alleged herein, Casanova has suffered damages including, inter alia, extreme stress, fear, depression, humiliation, embarrassment, loss of income and loss of career opportunities at Yuma Transit.

20. Casanova was unemployed for over a year after his termination despite a diligent search for employment, including looking for employment in other states. Casanova found employment in 2010 but at a significantly reduced income than previously earned while employed by Yuma Transit. Casanova continues to make significantly less money than he was earning while employed at Yuma Transit.

## EEOC Charge-Exhaustion Requirement

21. Based upon these facts supra, on April 14, 2008 Casanova filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that he was discriminated and retaliated against based on her disability, Charge # 540-2008-02321. A true copy of that EEOC charge is attached as Exhibit #1 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).

22. On May 27, 2008, Casanova filed an Amended Charge of Discrimination, Charge # 540-2008-02321. A true copy of that Amended Charge is attached as Exhibit #2 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).

23. On December 23, 2011, the EEOC issued its Notice of Right to Sue to Casanova, in response to charge # 540-2008-02321, supra. A true copy of that EEOC Notice is attached as Exhibit #3 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).

## DEMAND FOR TRIAL BY JURY

Casanova demands a trial by jury on Count One, pursuant to the U.S. Constitution Seventh Amendment, 42 U.S.C. 1981a(c), and Federal Rules of Civil Procedure Rule 38 (a,b).

## RELIEF REQUESTED

Based upon the foregoing, Casanova respectfully requests the following relief against the Defendants jointly and severally, as follows:

Count One: Retaliation (Unlawful Termination) in Violation of the Americans with Disabilities Act in violation of 42 U.S.C. 12203 (a)

1. Injunctive relief pursuant to 42 U.S.C. 12203(C), 42 U.S.C. 12117(a), and 42 U.S.C. 2000e-5(g) 1, including, inter alia, back pay and front pay;

2. Reasonable attorney's fees and expert fees and costs, pursuant to 42 U.S.C. 12205, and Federal Rules of Civil Procedure Rule 54(d) 1, 2, and 28 U.S.C. 1920.

Count Two: Retaliation for Having Reported Workplace Sexual Harassment (termination of temporary employment) in violation of 42 U.S.C. 2000e-3(a)

1. Compensatory damages;

2. Punitive damages;

3. Injunctive relief;

4. Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d) 2, and 42 U.S.C. 2000e-5(k) and

5. Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)1, and 28 U.S.C 1920.

Respectfully submitted this 8th day of March 2012.

**GILLESPIE, SHIELDS & DURANT**

s/Amy J. Wallace
Amy J. Wallace
Attorneys for Plaintiff Tony Casanova

## ATTACHED EXHIBITS

Exhibit "1"—Casanova's EEOC Charge, #540-2008-02321 (filed April 14, 2008)

Exhibit "2"—Casanova's Amended EEOC Charge # 540-2008-02312 (dated May 27, 2011)

Exhibit "3"—Notice of Right to Sue to issued by EEOC dated December 23, 2011)